UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES ERNEST DICKERSON,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROL PORTER,<br><br>    Defendant. | Case No.  C06-5306RBL-KLS<br><br>REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>Noted for November 17, 2006 |

  This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. To file a complaint and initiate legal proceedings, plaintiff must pay a filing fee of $350.00 or file a proper application to proceed *in forma pauperis*. Because plaintiff has failed to respond to the court's second order to show cause (Dkt. #7), the undersigned recommends the court deny his application.

### DISCUSSION

  The Court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the Court has broad discretion in denying an application to proceed *in forma pauperis*. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

  Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when a

prisoner is able to pay the initial expenses required to commence a lawsuit.  See Temple v. Ellerthorpe, 586 F.Supp. 848 (D.R.I. 1984); Braden v. Estelle, 428 F.Supp. 595 (S.D.Tex. 1977); U.S. ex rel. Irons v. Com. of Pa., 407 F.Supp. 746 (M.D.Pa. 1976); Shimabuku v. Britton, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); Ward v. Werner, 61 F.R.D. 639 (M.D.Pa. 1974).

On July 20, 2006, the undersigned issued an order finding plaintiff's application to proceed *in forma pauperis* to be deficient.  Specifically, plaintiff had failed to provide a copy of his prison trust account statement pursuant to 28 U.S.C. § 1915(a)(2) showing the balance and activity of his account(s) for the six-month period immediately preceding the filing of his complaint.

In addition, the undersigned noted that while plaintiff stated in his application that he has received money from business, profession or other self-employment, as well as from gifts or inheritances, during the past twelve months, he failed to describe exactly from which sources he received such money, how much he received therefrom, and whether and in what amounts he expects to receive it.  Accordingly, plaintiff was directed to provide this information to the undersigned as well.

On July 26, 2006, plaintiff provided the Court with a copy of his prison trust account statement. (Dkt. #5).  Plaintiff, however, failed to provide the other financial information noted above he was ordered to provide.  Nevertheless, in a second order to show cause issued on September 7, 2006, the undersigned granted him one more opportunity to cure this deficiency in his application to proceed *in forma pauperis* by no later than October 7, 2006.

The undersigned further informed plaintiff in the second order to show cause that failure to cure the above remaining deficiency by October 7, 2006, would be deemed a failure to properly prosecute this matter, resulting in a recommendation of dismissal.  To date, however, plaintiff has not responded to the second order to show cause.

## CONCLUSION

Because plaintiff has failed to respond to the Court's second order to show cause regarding his application to proceed *in forma pauperis* as noted above, the undersigned recommends the Court dismiss plaintiff's complaint unless he pays the required $350.00 filing fee **within thirty (30) days** of the court's order.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b),

1  the parties shall have ten (10) days from service of this Report and Recommendation to file written
2  objections thereto. <u>See also</u> Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those
3  objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit
4  imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set this matter for consideration on **November**
5  **17, 2006**, as noted in the caption.

6      Dated this 26th day of October, 2006.

                                                    /s/ Karen L. Strombom
                                                   Karen L. Strombom
                                                   United States Magistrate Judge